COZEN O'CONNOR
By: Robert K. Magovern, Esq. (D.C. Bar No. 497862)
David Y. Loh, Esq.
1627 I Street, NW, Suite 1100
Washington, D.C. 20006
(202) 912-4800

*Attorneys for Petitioner,*
*Larry Williams*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF: | |
| LARRY WILLIAMS, as owner of the motor vessel NEVER TOO MUCH, a 30 ft, 1992 Bayliner, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>Petitioner. | Civil Action No.<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

Petitioner, **Larry Williams**, as owner of the motor vessel NEVER TOO MUCH, a 30 ft, 1992 Bayliner (hereinafter the "Vessel"), by his attorneys COZEN O'CONNOR and RUBIN, FIORELLA & FRIEDMAN LLP, as and for his Complaint seeking Exoneration from or Limitation of Liability, alleges upon information and belief as follows:

1. This is an admiralty proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedures, and Rule "F" of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as hereinafter more fully appears.

2. Petitioner was the owner of the NEVER TOO MUCH, a 30 ft, 1992 Bayliner recreational vessel (hereinafter referred to as "the Vessel").

3. On or about July 18, 2011, the Vessel was unoccupied and docked at the Washington Yacht Club on the Anacostia River in the District of Columbia. The Anacostia River is a navigable waterway of the United States.

4. On or about July 18, 2011 at approximately 2:49 a.m., a fire of unknown cause and origin occurred resulting in the destruction of several vessels, including the one belonging to Larry Williams. One of the burned vessels belonged to Ralph Brawner.

5. Petitioner's Vessel was a constructive total loss. *See*, (**EXHIBIT A**, *survey report* of George H. Kastendik, AMS). The Vessel had no pending freight. Petitioner estimates that the salvage value of the burned Vessel is $500.00.

6. The Petitioner received notice of a claim for this loss until February 26, 2014, when Ralph Brawner filed a lawsuit against Larry Williams in the Superior Court of the District of Columbia (2014 CA 001164 B). The lawsuit alleges that Larry Williams was grilling on or near his boat on July 17, 2011, and that he negligently left the grill in the area, causing the fire that damaged or destroyed his vessel. The complaint seeks $450,000.00.

7. There are no demands, unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on the July 18, 2011 fire, against the Vessel.

8. Petitioner anticipates that any claim or claims asserted in connection with this incident will be in an amount that will exceed Petitioner's interest in the Vessel.

9. The incident was not due to any fault, neglect, or want of care on the part of

2

Petitioner, and occurred without Petitioner's privity of knowledge.

10. Venue in this district is proper as the Vessel was located within this district when the incident occurred, and a lawsuit was filed within this district concerning the loss.

11. Pursuant to Supplementary Rule F of the Federal Rules of Civil Procedure, Petitioner offers an *Ad Interim* Security in the amount of **$500.00**, said amount being not less than the value of Petitioner's interest in the Vessel on the date of the incident. (**EXHIBIT B**, *Ad Interim* Security).

12. Petitioner is entitled to Exoneration from Liability for any claims arising from this incident, and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

13. Petitioner claims in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et seq.* and the various statutes supplementary thereto and amendatory thereof.

14. Petitioner will pay an *Ad Interim* Security sufficient to cover his interest in the Vessel with surety for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner prays:

(1) That this Court adjudge that Petitioner is not liable for any loss, injury, or damages arising out of the incident; or,

(2) If liability is found, that such liability be limited to the value of Petitioner's

interest in the Vessel in the amount of **$500.00**, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such Claimant(s) as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3) That this Court issue an Order to include the following:

(a) Directing the issuance of Notice to all persons asserting claims with respect to the incident, which this Complaint seeks Exoneration from or Limitation of Liability to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

(b) Directing Petitioner to file an *Ad Interim* Security as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the incident, **$500.00**, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

(c) Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, insurers, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(4) That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: Washington, District of Columbia
       June 24, 2014

                COZEN O'CONNOR

*[signature]*

Robert K. Magovern, Esq. (D.C. Bar No. 497862)
David Y. Loh, Esq.
1627 I Street, NW, Suite 1100
Washington, D.C. 20006
Tel: (202) 912-4800

Of Counsel:

RUBIN, FIORELLA & FRIEDMAN LLP
Joseph Federici, Esq.
630 Third Avenue
New York, New York 10017
Tel:  (212) 447-4640

**J. RAMSEY BERRY, LLC**
860 Washington Ave
Chestertown, MD 21620
410-778-1143 Fax 410-778-4925
georgekastendike@jrbclaims.com

July 25, 2011

Mr. Stuart Barnhardt
Ace Marine Claims
P. O. Box 1000
Philadelphia, PA 19106-3703

RE:
Insured:            Larry Williams
Vessel:             1992 Bayliner 3055
HIN:                BVKA75EPC92
Company Claim No:   JY11J03437
Our file No.:       11C01195
Date of Loss:       07/18/2011

Dear Mr. Barnhardt:

This will acknowledge receipt of your assignment on July 18, 23011 and will serve as our preliminary report on the above captioned claim.

**COVERAGE:** Under policy number YRKY0777087A you insured the above named insured and the 1992 Bayliner 3055 "Never too Much" No coverage information was provided with the assignment.

**ASSIGNMENT/INSURED:** The assignment was received on July 21, 2011 and I made immediate contact with the insured and made arrangements to inspect the vessel and meet with the insured. At the time of our meeting he had no idea as to what had occurred. He advised that he had spoken to the investigator for the DC fire Department Tauanja Kittrell. She advised that the fire started around his boat's area and that the prevailing wind was on the riverside blowing towards shore. The insured's vessel was the furthest boat out.

**INSURED/INSPECTION:** Upon arrival on Thursday July 21, 2011 I found the insured's boat and three (3) others all burned and submerged. The dock aft of the insured vessel was burned as were the docks of two (2) of the other vessels. All the boats were connected to shore power. The insured stated that he had never had any problems with the shore power connection but that the connection ring on the power cord was broken. He also advised that there was never a problem with the marina's shore power connection. He had nothing running on the vessel other than the battery charger. He has no idea what happened.

SALVAGE: I returned to the yacht club on Friday July 22, 2011 as I was advised that they would be raising our boat. While there I had the opportunity to discuss the fire with Investigator Kittrell. She advised that this was her first boat fire. She asked the insured a lot of questions and I'm not sure just how well she understood the answers. When it was evident that the 46' Trandewinds was going to take all day I left returning July 25, 2011 when our vessel was raised without difficulty and was released by the investigator to be moved to TowBoat US yard in Woodbridge VA. As your aware the charge for the recovery is $200.00 per foot.

CAUSE & ORIGIN: Per your instructions I have retained the services of Paul Fleury and he is making arrangements to inspect the shore power at the dock as well as the boat. I was asked by Investigator Kittrell if we assign an expert they are to let her know as she wants to be present for the inspection. I have passed this information onto Paul. Please let me know if you wish me to also attend.

EVALUATION: As stated above no coverage information came with the assignment. As this is an obvious total loss below is a breakdown as to value.
BUC:                $18,100.00
Sold Boats Average  $17,700.00
ABOS                $16,600.00

FURTHER INSTRUCTIONS: Please let me know if you have any additional instruction. I'll keep you advised as to the further inspections.

Regards,

George H. Kastendike, AMS



Portside



Shore power connection burned out







Dock power











Port side shore power connection



Shorepower cord











Shore power cord



UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN THE MATTER OF THE COMPLAINT,

Of                                                                       Civil Action No.:

Larry Williams, as owner of the motor vessel
NEVER TOO MUCH, a 30 ft, 1992 Bayliner, for          **AD INTERIM SECURITY**
Exoneration from or Limitation of Liability,                      **FOR VALUE**

Petitioner.

---

**WHEREAS**, Petitioner, Larry Williams, as owner of the motor vessel NEVER TOO MUCH, a 30 ft, 1992 Bayliner, (hereinafter the "Vessel"), is instituting a proceeding in this Court for Exoneration from or Limitation of Liability in connection with a casualty which occurred on July 18, 2011,

**WHEREAS**, the Petitioner's Vessel was upon the navigable waters of the United States on the Anacostia River in the District of Columbia, as more fully described in the Complaint, when an casualty occurred resulting in potential claims for losses as more fully set forth in the Complaint filed herein, and

**WHEREAS,** Petitioner wishes to provide this Ad Interim Security in the amount of the value of its Vessel on the date of the alleged incident as security for any and all claims arising from the incident.

**WHEREAS,** the value of Petitioner's interest in the Vessel described above has been fixed at $500;

**NOW, THEREFORE,** in consideration of the premises, Ace American Insurance Company, issuer of Yachtsman Policy, Number YKR Y0777087A, which includes the subject Vessel, having an office and place of business One Beaver Valley Road, Wilmington, DE 19803, hereby undertakes in the sum of $500 interest thereon at the rate of 6% per annum from the date hereof. If this security is contested, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of the Vessel, Ace American Insurance Company will file in this proceeding a revised Ad Interim Security conforming to such appraised value up to the hull insurance limits of liability in its Yachtsman Policy, Number YKR Y0777087A, and in the interim, this Ad Interim Security shall stand as security for all Claims filed in said limitation of liability proceeding;

**FURTHERMORE,** solely for the limited purposes of any suit based upon this Ad Interim Security Ace American Insurance Company hereby submits itself to the jurisdiction of this Court and designates Cozen O'Connor, 1627 I Street, NW, Suite 1100, Washington, D.C. 20006, its agents for service of process, and Ace American Insurance Company agrees, together with the Petitioner, to pay the amount awarded by the final decree rendered by this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this security, with interest as aforesaid, unless the value of the Vessel shall have been paid into Court or a bond or revised Ad Interim Security thereof shall have been given as aforesaid, in which event this Security shall be void.

**FURTHERMORE,** it is understood and agreed that the execution of this Ad Interim Security by the undersigned shall be binding only upon Ace American Insurance Company as aforesaid.

Dated: Wilmington, DE
       June ___, 2014

                       Ace American Insurance Company

                       _____
                       By:  Connie Stewart
                       One Beaver Valley Road
                       Wilmington, DE 19803

STATE OF DELAWARE        )
                                   ) ss.:
COUNTY OF NEW CASTLE  )

On this 18 day of June, 2014, before me personally came Connie Stewart, being by me duly sworn, did depose and say that he executed the foregoing *Ad Interim Security*, and that he executed same pursuant to his official powers and duties.

Sworn to before me this

18 day of June, 2014

_____
Notary Public

Tia L Gaines
My Commission Expires
2/28/2015
New Castle County, State of Delaware
Notary Public

-3-